Amir J. Goldstein, Esq. (SBN 255620)
ajg@consumercounselgroup.com
The Law Offices of Amir J. Goldstein, Esq.
7304 Beverly Boulevard, Suite 212
Los Angeles, CA 90036
Tel 323.937.0400
Fax 866.288.9194

Attorney for Plaintiff

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DONIQUE PATTON, individually and on behalf of all others similarly situated, )<br><br>Plaintiffs, )<br><br>v. )<br><br>S.B.S. LIEN SERVICES, ORANGE GROVE HOMEOWNERS ASSOCIATION and DOES 1 through 10 inclusive, )<br><br>Defendants. ) | CASE NO.:  2:22-cv-8132<br><br>CLASS ACTION COMPLAINT FOR DAMAGES |

Plaintiff, by and through her attorney, Amir J. Goldstein, Esq., as and for her class action complaint against the Defendants, S.B.S. LIEN SERVICES and ORANGE GROVE HOMEOWNERS ASSOCIATION, alleges as follows:

## INTRODUCTION

1.  This is an action for damages brought by an individual consumer and on behalf of a class for Defendants' violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA") and the Rosenthal Fair Debt Collection Practices Act, California Civil Code § 1788, *et seq.* ("Rosenthal Act") which prohibits debt collectors

1

and creditors from engaging in abusive, deceptive and unfair practices.  Plaintiff also alleges violations of the Davis-Stirling Act, California Civil Code §4000 et seq. and California Business and Professions Code §17200, et seq.

## PARTIES

2. Plaintiff is a natural person residing in Burbank, California.

3. Upon information and belief, Defendant S.B.S. Lien Services is a "debt collector" as defined pursuant to 15 U.S.C. § 1692a(6) and Cal. Civil Code §1788.2, with its principal place of business in Westlake Village, California. S.B.S. Lien Services has appeared as a defendant in this district.

4. Upon information and belief, Defendant Orange Grove Homeowners Association is an "association" as defined pursuant to Cal. Civil Code §4080 and is a "creditor" and "debt collector" as defined pursuant to Cal. Civil Code §1788.2 with its principal place of business in Burbank, California.

## JURISDICTION

5. This Court has jurisdiction pursuant to 15 U.S.C. § 1692k (FDCPA) and 28 U.S.C. § 1331.  Venue is proper in this district pursuant to 28 U.S.C. §§ 1391(b) and 1391(c), as the Defendant corporations reside and regularly conduct business in this district.

## FACTUAL ALLEGATIONS

6. Plaintiff repeats and realleges each and every allegation set forth above as if reasserted and realleged herein.

7. That a personal debt was allegedly incurred by Plaintiff to Defendant Orange Grove Homeowners Association, (hereinafter referred to as "Defendant Orange Grove HOA").

8. That at a time unknown to Plaintiff herein, the aforementioned debt was referred and/or assigned to S.B.S. Lien Services, (hereinafter referred to as "Defendant S.B.S.") for collection.

*Count One*

9. Plaintiff repeats and realleges each and every allegation set forth above as if reasserted and realleged herein.

10. That on or about January 19, 2021, Defendant S.B.S. communicated with Plaintiff in an attempt to collect a debt and sent her a proposed payment plan to pay off her account balance.

11. That in said communication, Defendant S.B.S. sent Plaintiff a letter dated January 19, 2021 that contained the following language, in pertinent part: "As of the date of this letter, the amount owed is **$29, 838.77**." (emphasis in the original)

12. That the January 19th correspondence went on to state the following: "**If you intend to accept the Board approved payment plan agreement, our office must receive both the initial payment and signed agreement on or before 2/1/2021**." (emphasis in the original)

13. That according to the "Payment Plan Agreement" dated January 19, 2021, (hereinafter referred to as the "January 2021 Agreement") Defendant S.B.S. wrote the following provision, in pertinent part: "**Owner acknowledges and agrees that the sum due and owing to the Association as of 1/19/2021 is $29.838.77.**" (emphasis in the original)

14. That according to the January 2021 Agreement, "Owner understands and agrees that the monthly payments will be applied to assessments owed and <u>thereafter</u> to interest, late charges, costs of collection, S.B.S.'s fees and costs, and legal fees owing, if any, as set forth in Civil Code Section 5655…" (emphasis added)

15. That the January 2021 Agreement contained the following language, in pertinent part: "Owner understands and agrees that <u>without</u> a payment agreement, any partial payment tendered by an owner to the Association or S.B.S. <u>must be applied solely to</u>

the delinquent assessments until the delinquent assessments are paid in full and the owner is current on the ongoing monthly assessments." (emphasis added)

16. That the January 2021 Agreement went on to further state: "Owner understands and agrees that the benefit to Owner by entering into this Agreement is that the Association will not continue to charge interest nor late charges for ongoing assessments that are paid on time and pursuant to the terms of this Agreement." (emphasis added)

17. That the January 2021 Agreement ends with the following statement: "By signing this agreement and returning it to this office with your initial payment, you understand and agree to the terms herein and in its entirety."

18. That the Defendant S.B.S. informed Plaintiff that the January 2021 Agreement had to be signed and returned in order to avoid foreclosure.

19. That in reliance on the representations and threats of foreclosure made by Defendant S.B.S., Plaintiff made periodic payments to the Defendants in accordance with the January 2021 Agreement.

20. That at all times relevant herein, Plaintiff disputed the various charges, late fees, interest calculations and costs of collection on Plaintiff's purported account, but paid the Defendants under duress and out of fear that she would lose her home.

21. That Defendants' communications used false, deceptive, misleading and overshadowing language, confusing the Plaintiff as to her consumer rights.

22. That upon information and belief, Defendants threatened foreclosure when the right to foreclose did not exist.

23. That the communications sent by Defendants contain language which essentially force consumer debtors to agree to the amounts that Defendants claim they owe as well as the terms set forth by the Defendants or risk foreclosure and additional penalties.

24. That Defendants' deceptive language contained false statements and threats of action that cannot legally be taken or that are not actually intended to be taken and are designed to coerce payments under duress.

*Count Two*

25. Plaintiff repeats and realleges each and every allegation set forth above as if reasserted and realleged herein.

26. That attached to the January 2021 Agreement, Defendant S.B.S. included a document entitled, "Status Report as of 1/19/2021."

27. That said status report was a document which listed various "Association Assessments, Late Charges, Interest and Costs of Collection."

28. That upon information and belief, the 1/19/2021 status report contained various line items, grouped together by description, with what appeared as arbitrary time periods.

29. That the 1/19/2021 status report dated some line items while other line items, i.e., late charges, were missing dates.

30. That the 1/19/2021 status report listed some late charges as individual line items yet grouped other late charges together in lump sums, all without indicating the specific dates when the late charges were allegedly incurred.

31. That the 1/19/2021 status report contained multiple line items denoted as "REC'D PAYMENT $500.00" but credited the Plaintiff's account for only $250.00, which was only half of the amount that the Defendants claimed they received.

32. That the 1/19/2021 status report contained other line items wherein Plaintiff's account was credited only a portion of what the Defendants claimed they received and were inconsistently credited between the HOA and trustee ledgers.

33. That the 1/19/2021 status report contained a line item listed as "Payment Plan Monitoring/Processing Fee (13 MONTH PAYMENT PLAN)" in the amount of $1,050.00 and a Payment Plan Preparation Fee in the amount of $100.00" both dated 1/19/2021.

34. That the Defendants unilaterally assessed the monitoring/processing fee and a payment plan preparation fee before February 1, 2021, the date by which Plaintiff was given to accept the terms of the January 2021 Agreement.

35. That contrary to the language of the January 2021 Agreement, which stated in pertinent part, "…S.B.S. charges a fee of $350.00 every six (6) months during the life of this Agreement for monitoring your ongoing monthly payments to S.B.S., depositing your checks into S.B.S.'s account and sending your payment to the Association," the alleged "monitoring fee" was preemptively charged to Plaintiff's account on 1/19/2021 as a lump sum of $1,050.00, where the January 2021 Agreement was set to end in February 2022.

36. That the 1/19/2021 Status Report created by Defendant S.B.S. presented inaccurate, false and contradictory information in a way that was meant to deceive, mislead and confuse consumer debtors like the Plaintiff and did in fact, confuse the Plaintiff.

37. That upon information and belief, the dates associated with various charges on Plaintiff's account are either arbitrary or omitted by Defendants without any explanation to further confuse Plaintiff as to the status of her account.

38. That upon information and belief, Defendants arbitrarily listed additional miscellaneous charges on Plaintiff's account and unlawfully and improperly assessed various fees to further mislead Plaintiff as to the status and balance of her account.

39. That the Defendants' communications mischaracterized the status of Plaintiff's account and failed to clearly and accurately convey the amount that Plaintiff allegedly owed.

40. That the Defendants unlawfully engage in a deceptive collection practice whereby Defendants claim an exorbitant amount owed by a debtor, like the Plaintiff, based on a status report full of inaccuracies, contradictions and missing information.

41. That the Defendants communicate with debtors, like the Plaintiff, with the intent to harass, abuse and further confuse them as to the status of their accounts.

*Count Three*

42. Plaintiff repeats and realleges each and every allegation set forth above as if reasserted and realleged herein.

Class Action Complaint for Damages

43. That in the period of February 2021 through February 2022, Plaintiff paid the Defendants at least $8,325.00.

44. That Defendant S.B.S., in an attempt to collect a debt, sent Plaintiff a letter dated April 28, 2022 that contained the following language, in pertinent part: "As of the date of this letter, the amount owed is **$27,239.67**." (emphasis in the original).

45. That notwithstanding Plaintiff's payments of over $8,300.00, Plaintiff's balance, according to the Defendants, had only decreased by approximately $2,599.10.

46. That upon information and belief, Plaintiff's account unlawfully accrued interest and other invalid charges.

47. That upon information and belief, Plaintiff's payments were not properly applied to the assessments she purportedly owed.

48. That upon information and belief, Defendants misallocated and misapplied Plaintiff's payments to her balance in such a way as to allow various charges to unlawfully accrue and further confuse Plaintiff as to the status and balance of her account.

49. That upon information and belief, Defendants failed to apply Plaintiff's payments in a lawful, orderly and timely fashion, thus causing Plaintiff to incur additional fees which Plaintiff would not have been responsible for otherwise.

50. That upon information and belief, Defendants charged Plaintiff additional fees and miscellaneous costs to keep Plaintiff's account from becoming current and to unlawfully inflate the balance owed on Plaintiff's account.

51. That upon information and belief, Defendants unlawfully charged Plaintiff in order to artificially inflate the balance owed on Plaintiff's account.

52. That upon information and belief, Defendants charged Plaintiff additional fees and miscellaneous costs that are impermissible and exceed the amount that Defendants may legally collect.

53. That the Defendants' communications mischaracterized the status of Plaintiff's account and failed to clearly and accurately convey the amount that Plaintiff allegedly owed.

*Count Four*

54. Plaintiff repeats and realleges each and every allegation set forth above as if reasserted and realleged herein.

55. That Defendants presented Plaintiff with yet another Payment Plan Agreement dated April 28, 2022 (hereinafter referred to as the "April 2022 Agreement").

56. That the April 2022 Agreement contained language, provisions, and terms identical to those of the January 2021 Agreement.

57. That attached to the April 2022 Agreement, Defendant S.B.S. included a document entitled, "Status Report as of 4/28/2022."

58. That upon information and belief, the 4/28/2022 status report, like the 1/19/2021 status report, contained several fees with what appeared to be arbitrary time periods, listed charges without indicating the dates when they were incurred, and failed to properly credit Plaintiff's account for the payments she made.

59. That the 4/28/2022 status report, among other things, erroneously listed some of Plaintiff's payments as a "partial payment;" some of Plaintiff's payments were assessed a "partial payment fee" of $25.00, while other payments were not.

60. That according to the 4/28/2022 status report, Defendants unlawfully doubled the partial payment fees to the amount of $50.00 (contrary to the terms set forth in the April 2022 Agreement) and assessed the $50.00 fees as early as 4/11/2022, thereby unilaterally increasing and charging the partial payment fee to Plaintiff's account without notice.

61. That a "Payment Plan Monitoring/Processing Fee" was unilaterally and preemptively charged to Plaintiff's account on 4/28/2022 as a lump sum of $2,100.00, absent the Plaintiff's consent to the terms of the April 2022 Agreement.

62. That upon information and belief, the 4/28/2022 status report contained invalid, arbitrary and overly inflated charges not authorized by contract or agreement.

Class Action Complaint for Damages

63. That at all times relevant herein, Plaintiff disputed the various charges, late fees, interest calculations and costs of collection on Plaintiff's purported account but paid the Defendants under duress and out of fear that she would lose her home.

64. That Defendants' communications use false, deceptive, misleading and overshadowing language, confusing the Plaintiff as to her consumer rights.

65. That the Defendants' communications mischaracterized the status of Plaintiff's account and failed to clearly and accurately convey the amount that Plaintiff allegedly owed.

*Count Five*

66. Plaintiff repeats and realleges each and every allegation set forth above as if reasserted and realleged herein.

67. That in the period of March 2022 through July 2022, Plaintiff paid the Defendants at least $4,225.00.

68. That Defendant S.B.S., in an attempt to collect a debt, sent Plaintiff a letter dated September 1, 2022 that contained the following language, in pertinent part: "As of the date of this letter, the amount owed is **$26,371.38**." (emphasis in the original).

69. That notwithstanding Plaintiff's payments through July 2022 (which totaled more than $4,200.00), Plaintiff's balance, according to the Defendants, had only decreased by approximately $868.29 between April 28, 2022 and September 1, 2022.

70. That upon information and belief, Plaintiff's payments were not properly applied to the assessments she purportedly owed.

71. That upon information and belief, Plaintiff's account unlawfully accrued interest and other invalid charges.

72. That the Defendants' communications mischaracterized the status of Plaintiff's account and failed to clearly and accurately convey the amount that Plaintiff allegedly owed.

*Count Six*

73. Plaintiff repeats and realleges each and every allegation set forth above as if reasserted and realleged herein.

74. That notwithstanding Plaintiff's payments, Defendants presented Plaintiff with yet another Payment Plan Agreement dated September 1, 2022 (hereinafter referred to as the "September 2022 Agreement").

75. That the September 2022 Agreement contained identical language, provisions, and terms as that of the January 2021 and April 2022 Agreements.

76. That attached to the September 2022 Agreement, Defendant S.B.S. included a document entitled, "Status Report as of 9/1/2022."

77. That upon information and belief, the 9/1/2022 status report, like the previous status reports generated by the Defendants, contained several fees with what appeared to be arbitrary time periods, listed charges without indicating the dates when they were incurred, and failed to properly credit Plaintiff's account for the payments she made.

78. That among other mistakes, the 9/1/2022 status report erroneously listed a "NSF Return Check Fee" when Plaintiff consistently made payments with cashier's checks.[1]

79. That among other questionable charges, the 9/1/2022 status report erroneously listed numerous partial payments fees purportedly incurred on the same date.

80. That according to the 9/1/2022 status report, Defendants assessed multiple payment plan monitoring/processing fees - one in the amount of $350.00 on 8/5/2022 (which was ultimately removed) and replaced with another plan monitoring/processing fee for $2,100.00 on 9/1/2022 (less than one month later) – all without Plaintiff consenting to the terms of the September 2022 Agreement.

---

[1] According to an e-mail from Defendant S.B.S. dated September 21, 2022, the NSF return fee was ultimately removed from Plaintiff's account.  Said fee is included in the instant complaint to demonstrate Defendants' erroneous billing practices and establish Defendants' liability.

Class Action Complaint for Damages

81. That upon information and belief, the 9/1/2022 status report, like the previous status reports generated by the Defendants, contained questionable line items such as 'deposits' that were added to Plaintiff's balance according to the HOA ledger, but showed up as credits under the Trustee ledger, which would further confuse Plaintiff as to how charges were incurred, how overall interest was computed and how Plaintiff's payments were applied.

82. That in response to the 9/1/2022 communications from the Defendants, Plaintiff immediately sent Defendant S.B.S. an email disputing the amount she purportedly owed to the Association.

83. That in her email, Plaintiff wrote the following: "…Per your statement 4/28/2002 The total due Association was 16,915.46 to cure the default…Now as of 9/1/22 The total due the Association is 23,571.38…In 5 months I've accrued 6,655.92 in charges. Please send me a list of just the charges accrued since April…Thanks."

84. That to date, Defendants have failed to provide Plaintiff with a clear and detailed accounting as requested.

85. That Defendants provided Plaintiff with misinformation and conflicting explanations, thereby further confusing the Plaintiff as to the status of her account.

86. That upon information and belief, the Defendants' status reports contained invalid, arbitrary and overly inflated charges not authorized by contract or agreement.

87. That at all times relevant herein, Plaintiff disputed the various charges, late fees, interest calculations and costs of collection on Plaintiff's purported account but paid the Defendants under duress and out of fear that she would lose her home.

88. That Defendants' communications use false, deceptive, misleading and overshadowing language, confusing the Plaintiff as to her consumer rights.

89. That the Defendants' communications mischaracterized the status of Plaintiff's account and failed to clearly and accurately convey the amount that Plaintiff allegedly owed.

90. That upon information and belief, Defendants, in their attempts to collect a debt, acted jointly and in cahoots as debt collectors, engaged in a pattern and practice of unlawfully charging Plaintiff arbitrary, excessive and bogus fees and misallocating Plaintiff's payments so as to prevent her account from becoming current, made false threats of imminent foreclosure and generated documents with either previously omitted or conflicting information so as to confuse, abuse, mislead and deceive Plaintiff.

*Count Seven*

91. Plaintiff repeats and realleges each and every allegation set forth above as if reasserted and realleged herein.

92. That upon information and belief, Defendants charged Plaintiff's account $500.00 for a purported "Plumbing Bill Leak" which was not authorized by the Plaintiff.

93. That the Plaintiff requested information from Defendant Orange Grove HOA regarding the alleged plumbing charges.

94. That subsequent to Plaintiff's request, Defendant Orange grove HOA charged Plaintiff's account yet another fee for "Waste Overflow" in the amount of $750.00.

95. That upon information and belief, the fees that Defendants claimed were plumbing repairs, were unnecessary and caused damage to Plaintiff's property.

96. That upon information and belief, Defendants failed to provide the Plaintiff with adequate documentation to support the aforementioned fees despite her repeated requests for clarification and proof.

97. That Defendants' communications use false, deceptive, misleading and overshadowing language, confusing the Plaintiff as to her consumer rights.

98. That the Defendants' communications mischaracterized the status of Plaintiff's account and failed to clearly and accurately convey the amount that Plaintiff allegedly owed.

Class Action Complaint for Damages

**AS AND FOR A FIRST CAUSE OF ACTION ON BEHALF OF PLAINTIFF**

99.    The Plaintiff repeats and realleges each and every allegation set forth above as if reasserted and realleged herein.

100.    That in its attempts to collect a debt, Defendants used false, deceptive, misleading and overshadowing language, confusing the Plaintiff as to her consumer rights.

101.    That Defendants' use of deceptive language contains false statements and threats of action that cannot legally be taken or that are not actually intended to be taken and are designed to coerce payment under duress.

102.    That upon information and belief, Defendants have attempted to collect on amounts that are not authorized by agreement or permitted by law.

103.    That Plaintiff made payments to Defendants under protest.

104.    That Defendants, in an attempt to collect a debt, engage in a pattern or practice of communicating with consumers where the representations made by the Defendants are confusing, misleading, deceptive and/or unfair.

105.    That as a result of Defendants' conduct, Plaintiff has suffered damages which include, but are not limited to, statutory damages, any actual damages sustained, other resulting monetary losses and damages, unnecessary stress, aggravation and anxiety.

106.    That Defendants' conduct violates 15 U.S.C. 1692 et seq., including but not limited to subsections (d), (e), (f), and (g)  in that the representations made by the Defendants are confusing, misleading, deceptive, harassing, unfair and fail to advise the consumer of her legal rights as required by law.

    a.    Defendants have violated 1692d by harassing the Plaintiff and engaging in oppressive and abusive conduct;

    b.    Defendants have violated 1692e by using false representations and employing deceptive and misleading means in an attempt to collect a debt;

    c.    Defendants have violated 1692f by using unfair and unconscionable means to collect or attempt to collect a debt; and

d.   Defendants have violated 1692g by using misleading and overshadowing language in an attempt to collect the alleged debt and by contradicting Plaintiff's rights.

107.     That as per 15 U.S.C. § 1692 et seq. and as a result of the above violations, the Defendants are liable to the Plaintiff for actual damages and statutory damages in an amount to be determined at the time of trial but not less that $1,000.00 per violation, plus costs and attorney's fees.

**AS AND FOR A SECOND CAUSE OF ACTION ON BEHALF OF PLAINTIFF**

108.     Plaintiff repeats and realleges each and every allegation set forth above as if reasserted and realleged herein.

109.     The Rosenthal Fair Debt Collection Practices Act (Rosenthal Act), California Civil Code § 1788, et seq., prohibits unfair and deceptive acts and practices in the collection of consumer debts.

110.     That upon information and belief, Defendants have attempted to collect on amounts that are falsely inflated, not authorized by agreement and/or not permitted by law.

111.     By their acts and practices as hereinabove described, the Defendants have violated the Rosenthal Act as follows, without limitation:

a.   By making the false representation that the consumer debt may be increased by the addition of attorney's fees, investigation fees, service fees, finance charges, or other charges if, in fact, such fees or charges may not legally be added to the existing obligation, Defendants have violated §1788.13(e);

b.   By making the false representation that a legal proceeding has been, is about to be, or will be instituted unless payment of a consumer debt is made, Defendants have violated §1788.13(j);

c.   By failing to include certain debt collection notices and disclosures required by law; and

d.   By the above-referenced violations of the FDCPA, Defendants have violated §1788.17.

112.    Pursuant to § 1788.30 of the Rosenthal Act, Plaintiff is entitled to recover her actual damages sustained as a result of the Defendants' violations of the Rosenthal Act.  Such damages include, without limitation, statutory damages, any actual damages sustained, other resulting monetary losses and damages, and emotional distress suffered by Plaintiff, which damages are in an amount to be proven at trial.

113.    In addition, because the Defendants' violations of the Rosenthal Act were committed willingly and knowingly, Plaintiff is entitled to recover, in addition to her actual damages, penalties of at least $1,000 per violation as provided for in the Act.

114.    Pursuant to § 1788.30(c) Rosenthal Act, Plaintiff is entitled to recover all attorneys' fees, costs and expenses incurred in the bringing of this action.

### AS AND FOR A THIRD CAUSE OF ACTION ON BEHALF OF PLAINTIFF

115.    Plaintiff repeats and realleges each and every allegation set forth above as if reasserted and realleged herein.

116.    The Davis-Stirling Common Interest Development Act (Davis-Stirling Act), California Civil Code §4000, et seq., regulates a homeowners association's ability to collect on debts owed by its members.

117.    That upon information and belief, Defendants have attempted to collect on amounts that are falsely inflated, not authorized by agreement and/or not permitted by law in violation of the Davis-Stirling Act.

118.    By their acts and practices as hereinabove described, the Defendants have violated the Davis-Stirling Act as follows, without limitation:

a.   By failing to provide adequate ledgers and documentation, Defendants have violated §5200;

b.   By charging Plaintiff various costs, interest and late fees in excess of the amounts permissible by law, Defendants have violated §§5600 and 5650;

Class Action Complaint for Damages

   c.  By failing to provide Plaintiff with proper notice regarding assessments, Defendant have violated §5615;

   d.  By failing to properly apply Plaintiff's payments toward assessments purportedly owed, Defendants have violated §5655;

   e.  By causing improper charges to accrue on Plaintiff's account and by recording a lien in an amount not permitted by law, Defendants have violated §5720;

   f.  By failing to comply with notice requirements, Defendants have violated §§5660 5675, and 5705; and

   g.  By imposing bogus and inflated charges on Plaintiff's account, Defendants have violated §5725.

119.   Plaintiff is entitled to recover her damages sustained as a result of the Defendants' violations of the Davis-Stirling Act. Such damages include, without limitation, statutory damages, any actual damages sustained, other resulting monetary losses and damages, and emotional distress suffered by Plaintiff as well as attorney's fees and costs, which damages are in an amount to be proven at trial.

**AS AND FOR A FOURTH CAUSE OF ACTION ON BEHALF OF PLAINTIFF**

120.   Plaintiff repeats and realleges each and every allegation set forth above as if reasserted and realleged herein.

121.   The California Business and Professions Code §17200, et seq., prohibits unfair competition, which includes any unlawful, unfair or fraudulent business act.

122.   That Defendants, by engaging the acts hereinabove described, have committed violations under the FDCPA, the Rosenthal Act and the Davis-Stirling Act; that said acts are therefore per se violations of the California Business and Professions Code Section 17200 et seq.

123.   That the harm caused by Defendants' conduct outweighs any benefits that Defendants' conduct may have.

Class Action Complaint for Damages

124.     That consumers are likely to be deceived, and that Plaintiff was in fact deceived, by Defendants' conduct.

125.     That Defendants have been unjustly enriched by committing said acts.

126.     That as a result of Defendants' conduct, Plaintiff has been harmed and has suffered damages in the form of monetary losses, extreme embarrassment, humiliation, shame, stress, anxiety, aggravation and sleepless nights.

127.     That as a direct and proximate result of Defendants' unlawful, unfair and fraudulent business practices as alleged herein, Plaintiff has suffered injury in fact and lost money and/or property.

128.     That pursuant to California Business and Professions Code § 17200, et seq., Plaintiff is entitled to recover her actual damages and restitution.

**AS AND FOR A FIFTH CAUSE OF ACTION ON BEHALF OF PLAINTIFF**

129.      Plaintiff repeats and realleges each and every allegation set forth above as if reasserted and realleged herein.

130.     That Defendants, by engaging the acts hereinabove described, are in breach of their fiduciary duties by committing the following acts, which include but are not limited to the following:

a.   Engaging in a pattern and practice of unlawfully inflating and charging Plaintiff arbitrary, excessive and bogus fees;

b.   Misallocating Plaintiff's payments so as to prevent her account from becoming current;

c.   Making false threats of imminent foreclosure without having the right to foreclose;

d.   Generating documents with either previously omitted or conflicting information so as to confuse, abuse, mislead and deceive the Plaintiff; and

e.   Abdicating the duty to oversee the collection process and confusing the Plaintiff as to which party was responsible for handling Plaintiff's account.

17

## CLASS ALLEGATIONS

131.    Plaintiff repeats and realleges each and every allegation set forth above as if reasserted and realleged herein.

132.    The first cause of action is brought on behalf of Plaintiff and the members of a class.

133.    The Class consists of all persons whom Defendant's records reflect resided in the state of California and who were sent collection letters or status reports (a) bearing the Defendants' letterhead in substantially the same form as the letter(s) or status report(s) sent to the Plaintiff, (b) the correspondence was sent to consumers seeking payment of a consumer debt; (c) that the correspondence contained violations of 15 U.S.C. §§ 1692d, 1692e, 1692f and 1692g.

134.    The class consists of consumers who received the same form letters or status reports, as did the Plaintiff.

135.    Pursuant to Federal Rule of Civil Procedure 23, a class action is appropriate and preferable in this case because:

(A)    Based on the facts that the collection letters, status reports and arbitrary fees and the allocation thereof are at the heart of this litigation, the class is so numerous that joinder of all members is impracticable.

(B)    There are questions of law and fact common to the class and these questions predominate over any questions affecting only individual class members. The principal question presented by this claim is whether the Defendants violated the FDCPA by failing to follow appropriate procedures.

(C)    The only individual issue is the identification of the consumers who received the letters or reports, (i.e. the class members), a matter capable of ministerial determination from the records of Defendants.

(D)    The claims of the Plaintiff are typical of those of the class members. All are based on the same facts and legal theories.

Class Action Complaint for Damages

(E)  The Plaintiff will fairly and adequately represent the class members' interests. The Plaintiff has retained counsel experienced in bringing class actions and collection-abuse claims. The Plaintiff's interests are consistent with those of the members of the class.

(F)  A class action is superior for the fair and efficient adjudication of the class members' claims. Congress specifically envisions class actions as a principal means of enforcing the FDCPA. 15 U.S.C. 1692(k). The members of the class are generally unsophisticated individuals, whose rights will not be vindicated in the absence of a class action. Prosecution of separate actions by individual members of the classes would create the risk of inconsistent or varying adjudications resulting in the establishment of inconsistent or varying standards for the parties and would not be in the interest of judicial economy.

136.  If the facts are discovered to be appropriate, the Plaintiff will seek to certify a class pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure.

137.  Collection letters or reports, such as those sent by the Defendants, are to be evaluated by the objective standard of the hypothetical "least sophisticated consumer."

138.  Defendants violated the FDCPA. Defendants' violations include, but are not limited to, the following:

   i.  Defendants violated 15 U.S.C. §1692d by harassing the Plaintiff and engaging in abusive and oppressive conduct;

   ii.  Defendants violated 15 U.S.C. §1692e by using false representations and misleading and deceptive means in an attempt to collect a debt;

   iii.  Defendants violated 15 U.S.C. §1692f by using unfair and unconscionable means to collect or attempt to collect a debt;

   iv.  Defendants violated §1692g by using misleading and overshadowing language in an attempt to collect the alleged debt and by contradicting Plaintiff's rights.

**WHEREFORE,** Plaintiff respectfully prays that judgment be entered against Defendants in the amount of:

(a)    Statutory damages and actual damages pursuant to 15 U.S.C. § 1692k in an amount to be determined at the time of trial on behalf of the class on the first cause of action.

(b)    Statutory damages and actual damages pursuant to Civil Code §1788.30 *et seq*., as to the second cause of action.

(c)    Statutory damages and actual damages pursuant to Civil Code §4000 *et seq*., as to the third cause of action.

(d)    Damages and restitution pursuant to the California Business and Professions Code § 17200 et seq. on the fourth cause of action.

(c)    Costs and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k and Civil Code §1788.30, *et seq*.

(d)    Equitable and injunctive relief;

(e)    Restitution; and

(f)    For such other and further relief as may be just and proper, including but not limited to a preliminary and permanent order enjoining the Defendants and its agents, employees, affiliates and/or subsidiaries, from collecting or attempting to collect monies not authorized by law from Plaintiff and class members, or from otherwise engaging in the unlawful and unfair acts and practices alleged herein.

Plaintiff requests trial by jury on all issues so triable.

Dated: November 7, 2022                      Respectfully Submitted,

                                             __/S/ Amir J. Goldstein_____
                                             Amir J. Goldstein
                                             Attorney for Plaintiff

Class Action Complaint for Damages